UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED

SEP 29 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:25-cr-118-KKC

UNITED STATES OF AMERICA     PLAINTIFF

V.     **BINDING PLEA AGREEMENT**

BRIAN KEITH HELM     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count of the Information, charging a violation of 18 U.S.C. § 111(a) and (b). Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of 18 U.S.C. § 111(a) are:

   (a) That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer, as described below;

   (b) That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered while engaged in the performance of his official duty or on account of the performance of official duties; and

   (c) That the defendant did such acts intentionally;

   (d) That such acts involved physical contact with the officer.

3. As to the sole Count of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   a. On or about June 12, 2025, at approximately 3:53 pm, in Lexington, in the Eastern District of Kentucky, VA Police officers R.F. and E.T. were dispatched to the Second Floor Tower elevators in reference to the Defendant behaving erratically, refusing to leave the elevator, and attempting to leave. Officers advised Defendant that he could leave but needed to get the IV out of his arm, his discharge papers, and for his wife to get there to take him home. Defendant continued to refuse to leave the elevator, ripped the IV out of his arm, and told staff that he could leave now. The nurses contacted his wife, and she attempted to calm him. Defendant's doctor then placed the Defendant on a 72 hour hold for further assessment. R.F. and E.T. both advised the Defendant he was on a 72 hour hold and to go back to his room and wait on his wife to arrive.

   b. Defendant then exited the elevator and ran down the hallway towards a stairwell. After running to the bottom of the stairwell and being blocked in officers attempted to secure Defendant. While on the stairs, the Defendant then attempted to strike Officer E.T. in the face but missed. Defendant then grabbed onto the stair rail and would not let go as officers attempted to return him to his room.

   c. Defendants then let go of the handrail and the officers and Defendant fell to the landing area between the first floor and the ground floor. As officers attempted to restrain the Defendant by holding his arms against his chest, Defendant proceeded to bite R.F. in his right arm causing injury. Once officers advised the Defendant that he would be subjected to pepper spray he relented and was escorted back to his room. R.F. then went to the Emergency Department for treatment on the bite to his right arm.

4. The United States and the Defendant agree to the following specific sentence, which binds the Court upon acceptance of this plea agreement:

   a. The Defendant's sentence of imprisonment shall be 60 days followed by 4 months of home detention. The Defendant's term of supervised release shall be 3 years.

b. In addition to the mandatory and special conditions of supervised release listed in U.S.S.G. § 5D1.3, the conditions of supervised release shall include an assessment by the United States Probation Officer for drug and alcohol treatment, including inpatient treatment.

c. The Defendant's fine, if any, shall be determined by the Court at sentencing.

d. Restitution is not applicable because the bodily injuries suffered were minor.

5. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

6. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

7. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may

include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

8. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for

demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: September 20, 2025    By: RONALD WALKER *Digitally signed by RONALD WALKER Date: 2025.09.20 13:26:47 -04'00'*
Ronald L. Walker Jr.
Assistant United States Attorney

Date: 9/29/25
Brian Keith Helm
Defendant

Date: 9/29/25
Russell Baldani
Attorney for Defendant